IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action Number 05-cv-00700-RPM

MICROSOFT CORPORATION,
a Washington corporation,

        Plaintiff,

v.

A PLUS OPEN LLC,
a Colorado limited liability company;
JOHN HON;
MICROTECH COMPUTERS, INC., a Kansas corporation;
and DANA CHANG,

        Defendants.
_____

ORDER DENYING PETITION FOR DECLARATORY RELIEF
_____

Microsoft Corporation brought this civil action for damages arising from the distribution of Microsoft Certificates of Authenticity without the corresponding Microsoft software programs. The first claim for relief is for a violation of the Anti-Counterfeiting Amendments Act of 2004, codified at 18 U.S.C. § 2318. That statute makes it a crime, punishable by 5 years imprisonment and a fine, knowingly to traffic in a counterfeit or illicit documentation or packaging for a copyrighted computer program. It also authorizes an injured copyright owner to bring a civil action to obtain actual damages according to a statutory calculation and injunctive relief. Alternatively, the copyright owner may elect an award of statutory damages of not less than $2,500 or more than $25,000 for each violation, 18 U.S.C. § 2318(f). Microsoft made that election. The defendants A Plus Open, LLC, and John Hon challenged the sufficiency of the First Claim for Relief by contending that the civil remedy provision of the statute violates

their constitutional rights to due process of law because the statutory damages provision is a criminal penalty punitive in both purpose and effect.  They filed a petition for declaratory relief to that effect.  The United States intervened to defend the constitutionality of the statute.

The petitioning defendants rely on *Hudson v. United States,* 522 U.S. 93 (1997) and the factors listed in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963) to support their position.

As the government has observed, the Supreme Court in the cited cases was concerned with the protections against government actions affecting such fundamental rights as double jeopardy and forfeiture of citizenship.  The enhanced procedural protections of the criminal law are not applicable in litigation between private parties.

There is no doubt that Congress enacted the subject statute for the protection of the public as well as the property interests of copyright owners and provided for enforcement both by criminal prosecution and private civil actions.  The latter is in recognition of the fact that the proscribed conduct injures private as well as public interests.

The defendants' principal argument is that the statutory damages are disproportionate to the harm caused to the plaintiff and are therefore the equivalent of a punishment.  They attempt to equate actual damages to their costs to obtain the certificates and the prices charged for them.  That comparison is irrelevant.  The statutory damages remedy recognizes the difficulty in quantifying the harm that may result from the illicit distribution of these certificates of authenticity which may be used in the sale of non-Microsoft products to the confusion of the public and damage to

Microsoft's goodwill and business reputation.  These statutory damages are comparable to those available for copyright infringement under 17 U.S.C. § 504(c).

Upon the foregoing, it is

ORDERED that the petition for declaratory relief (Doc. #59) is denied.

DATED: February 6th, 2007

                                          BY THE COURT:

                                          s/ Richard P. Matsch
                                          _____
                                          Richard P. Matsch, Senior Judge